IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

RICKY LYNN MALLORY                                                           PLAINTIFF

V.                                                       CIVIL ACTION NO. 1:19-CV-00190-GHD-DAS

MUNICIPAL COURT OF TUPELO, MS                                                 DEFENDANT

## MEMORANDUM OPINION AND ORDER

This matter is before the Court, *sua sponte*, for consideration of dismissal. Ricky Lynn Mallory, an inmate housed at the Tupelo-Lee County Adult Detention Center in Tupelo, Mississippi, has filed a civil rights action pursuant to 42 U.S.C. § 1983 against the Municipal Court of Tupelo, Mississippi. Having fully considered his allegations and the applicable law, the Court finds that Mallory's complaint must be dismissed.

### Screening Standards

Because Mallory has been permitted to proceed *in forma pauperis* in this action,[1] his complaint is subject to *sua sponte* dismissal under the Prison Litigation Reform Act ("PLRA"). *See* 28 U.S.C. § 1915(e)(2).[2] Pursuant to the PLRA, the Court is obligated to evaluate the complaint and dismiss if it is "frivolous or malicious," if it "fails to state a claim upon which relief may be granted," or if it "seeks monetary relief against a defendant who is immune from such relief." *Id.* A claim is frivolous if it "lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A complaint fails to state a claim upon which relief may be granted if relief could not be granted to the plaintiff "under any set of facts that would be proven consistent with the allegations" in the complaint. *Bradley v. Puckett*, 157 F.3d 1022,

---

[1] *See* Doc. #5.
[2] *See also* 28 U.S.C. § 1915A (subjecting prisoner complaint to preliminary screening regardless of *in forma pauperis* status).

1025 (5th Cir. 1998) (citation omitted). *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (complaint fails to state a claim only where it does not plead "enough facts to state a claim to relief that is plausible on its face").

## Discussion

In order to state a claim under Section 1983, a plaintiff must allege that he was deprived of a right under the Constitution or the laws of the United States by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Mallory's complaint contains little information other than his objections to his current bail setting. On August 16, 2019, Mallory entered an initial appearance in the Municipal Court of Tupelo, Mississippi, on the charge of accessory after the fact of murder under Mississippi Code Ann. § 97-1-5. At the initial appearance, Mallory was given a bail setting of $100,000. According to Mallory, his co-defendant received a bail setting of only $50,000, for the same crime. Thus, Mallory argues that the defendant, Municipal Court of Tupelo, Mississippi, violated his constitutional rights by not setting his bail amount equal to that of his co-defendant. By way of relief, Mallory seeks punitive damages, and mandamus relief in the form of a letter of apology and the opening of an investigation into the defendant's operations.

Mallory's civil rights claim stems entirely from his bail setting. "[T]here is no absolute constitutional right to bail," only " a prohibition against excessive bail." *Broussard v. Parish of Orleans*, 318 F.3d 644, 650 (5th Cir. 2003). Mallory does not argue that his bail setting was excessive. Instead, he complains that his bail was set higher than that of his co-defendant. Mallory has not cited any authority, nor is the court aware of any such authority, establishing a constitutional right to equal bail settings for co-defendants. Thus, Mallory has failed to allege the deprivation of a constitutional right.

Even assuming, *arguendo*, that Mallory had alleged the deprivation of a constitutional right, he requests relief which is unavailable under Section 1983. Local governments, such as the Municipal Court of Tupelo, Mississippi, are immune from punitive damages under Section 1983. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 259-60 (1981)("[A] municipality, like a private corporation, was to be treated as a natural person subject to suit for a wide range of tortious activity, but this understanding does not extend to the award of punitive damages . . . against a municipal corporation.). Consequently, Mallory's request for punitive damages must fail.

Moreover, for Mallory to be entitled to mandamus relief, he must "demonstrate (1) a clear right to the relief, (2) a clear duty by the respondent to do the act requested, and (3) the lack of any other adequate remedy." *In re Stone*, 118 F.3d 1032, 1034 (5th Cir. 1997). Mandamus is improper in the instant case as Mallory has failed to demonstrate a clear right to relief. There is no right to an apology nor is there any authority supporting a right to the opening of an investigation. *See Devonish v. Atlantic Cty. Justice Sys. Facility*, 2010 WL 3024858, *3 (D. N.J. Jul. 29, 2010) (construing the plaintiff's request for an apology as injunctive relief and finding that "the remedy of 'apology' is not cognizable, either within the meaning of a Section 1983 action or as a general legal remedy that a court has the power to order, under any provision.") (citations omitted); *see also Lyvers v. Newkirk*, 2017 WL 2817676 (W.D. K.Y. Jun. 28, 2017) (citations omitted).

### Conclusion

Mallory's allegations fail to assert a cognizable constitutional violation, and this action is **DISMISSED WITH PREJUDICE** for his failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). This dismissal counts as a "strike" under 28 U.S.C. §

3

1915(g). Mallory is cautioned that once he accumulates three strikes, he may not proceed *in forma pauperis* in any civil action or appeal filed while incarcerated unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A final judgment in accordance with this opinion will be entered today.

**SO ORDERED** this, the 19th day of November, 2019.

_____
**UNITED STATES DISTRICT JUDGE**